**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DARRIN L. BROOKS (#418413)**                                    **CIVIL ACTION**

**VERSUS**

**JOSEPH L. LAMARTINIERE, ET AL.**                                **NO. 07-0412-A-M2**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, May 12, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DARRIN L. BROOKS (#418413)**                                   **CIVIL ACTION**

**VERSUS**

**JOSEPH L. LAMARTINIERE, ET AL.**                               **NO. 07-0412-A-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the parties' cross-motions for Summary judgment, rec.doc.nos. 14 and 18.[1]

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Joseph L. Lamartiniere, Lt. Jurn R. Conrad, Major Kenneth Dupis and Capt. Williams T. Richardson, complaining that the defendants violated his constitutional rights in numerous respects, including through the filing of false and wrongful disciplinary reports, excessive force, unconstitutional conditions of confinement, retaliation, and obstruction of his access to the courts.

The plaintiff moves for summary judgment, relying upon the pleadings, an Investigative Services Lab Worksheet, a disciplinary report dated April 22, 2006 (charging him with "General Prohibited Behavior"), and his own affidavit.

---

[1] Pursuant to Order dated March 5, 2008, rec.doc.no. 21, the Court notified the parties that the defendants' pending motion to dismiss, rec.doc.no. 14, would be converted, in part, to a motion for summary judgment in light of the Court's consideration of evidentiary materials not included in the pleadings.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of the plaintiff's administrative remedy proceedings.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff asserts in conclusory fashion that the defendants violated his rights through false disciplinary reports, harassment, excessive force, fraud, malfeasance, retaliation for the plaintiff's use of the administrative grievance procedure, overlong confinement in a cell with inadequate ventilation, denial of access to the courts, and continued confinement "incommunicado".  He includes no factual allegations in his Complaint, but in support of his contentions, he attaches to his Complaint two (2) disciplinary appeals and an administrative grievance which he apparently filed with prison officials. These attachments suggest that on April 22, 2006, the plaintiff was charged by defendants Conrad and Richardson with two (2) counts of "Defiance", charging the plaintiff with "pulling and jerking" away from defendant Conrad as restraints were being applied on that date, and asserting that when the plaintiff refused to obey orders to cease resisting, defendants Conrad and Richardson placed the plaintiff on the ground, applied a wrist lock, and ultimately applied restraints.  At a disciplinary hearing conducted on April 27, 2006, chaired by defendant Lamartiniere and Dupis, the plaintiff was found guilty of both charges and was sentenced to thirty (30) days of cell confinement and a transfer

to segregated confinement at Camp J of LSP. The plaintiff filed a disciplinary appeal from this ruling, asserting two (2) issues, i.e., that there was "insufficient evidence to establish a finding of guilt" and that he was given an "excessive sentence". This disciplinary appeal was ultimately denied.

In addition to the foregoing, the attachments to the plaintiff's Complaint reflect that on April 22, 2006, the plaintiff was also charged with "General Prohibited Behavior" by defendant Richardson, accusing the plaintiff of having been in possession of marijuana belonging to a co-inmate. At a disciplinary board hearing thereafter conducted on May 8, 2006, chaired by defendant Dupis, the plaintiff pled guilty to the charge with the understanding that he would receive only a sentence of thirty (30) days in cell confinement. He nonetheless appealed the charge and sentence, asserting that the charge was fraudulent from the beginning and that the plea agreement was illegal. This appeal was also denied.

Finally, the record reflects that the plaintiff filed an administrative remedy procedure ("ARP") wherein he complained of the issuance of the above-referenced "General Prohibited Behavior" charge. In this ARP, he asserted the same two "issues" as were asserted in the disciplinary appeal, i.e., that the charge was fraudulent and that the guilty plea was illegal, and he prayed for relief in the form of a dismissal of the disciplinary charges, a release from segregated confinement and a restoration of his job assignment. This grievance was rejected at the first step of the administrative process for the reason that prison rules require that matters concerning disciplinary proceedings be asserted, not in administrative grievances but only in disciplinary appeals from the sentences complained of. Accordingly, the

plaintiff's ARP was not allowed to proceed beyond the first step of the administrative process.

Turning to the defendants' motion, the defendants assert, in response to the plaintiff's allegations, that most of the plaintiff's claims have not been exhausted through the administrative process. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, an inmate must exhaust his administrative remedies by complying with applicable prison grievance procedures. See Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).

Upon a review of the plaintiff's Complaint, together with a review of the plaintiff's administrative remedy proceedings filed into the record of this proceeding, it appears that the defendants' motion is well-taken and that most of the plaintiff's claims have not been exhausted through the administrative process. Initially, it appears clear that there is nothing whatever in the plaintiff's ARP relative to his claims of denial of access to the courts, of overlong confinement in extended lockdown, of being held "incommunicado", or of inadequate ventilation in his lockdown cell. Accordingly, these claims are clearly subject to dismissal for failure to exhaust administrative remedies. Further, with regard to his claims of excessive force and retaliation, it appears that the single ARP filed by the plaintiff was in fact rejected on procedural grounds as being asserted principally relative to the plaintiff's disciplinary proceedings and sentences. Accordingly, because his ARP was rejected for procedural reasons and was not allowed to proceed, it is also clear that these claims were never fully exhausted

through the administrative process. Moreover, the Court finds that prison officials were justified in rejecting this ARP as being principally concerning the plaintiff's disciplinary proceedings and sentences. Although the plaintiff included, in a long and rambling "Argument" section of the ARP, conclusory facts relative to alleged retaliatory motive and to an alleged use of force against him, the substance of the ARP was clearly principally about his disciplinary proceedings, and the Court does not find that the minimal factual allegations regarding retaliation and use of force were sufficient to bring these claims before prison officials in the ARP. Specifically, the "Issues" section of the ARP lists only the plaintiff's specific claims regarding (1) fraud in the issuance of the disciplinary report and (2) wrongdoing in the acceptance of the plaintiff's guilty plea. And the "Relief" section of the ARP prays only for dismissal of the disciplinary charges, a release from segregated confinement and a return of his pre-report job assignment. And finally, in a letter written by the plaintiff after rejection of his ARP, the plaintiff characterized his grievance as being, not about any claims of retaliation or excessive force, but specifically about the wrongdoing of the disciplinary board "which caused my lockdown status". In the Court's view, therefore, the plaintiff failed to adequately present any claims in his ARP other than those related to his disciplinary proceedings and sentences, and prison officials were justified in rejecting his ARP for this reason. Accordingly, the defendants' motion should be granted to the extent that it seeks dismissal of all of the plaintiff's claims, except those relative to his disciplinary proceedings and sentences, for failure to exhaust administrative remedies.

Turning to the claims which remain before the Court, those relative to the alleged wrongful disciplinary charges, proceedings and sentences, it appears that the plaintiff has in fact exhausted administrative remedies relative to these claims by having pursued disciplinary appeals from these sentences. However, in response to the plaintiff's claims, the defendants have asserted the defense of qualified immunity. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that the defendants participated in any violation of his constitutional rights.

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendants' motion is well-taken and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.[2] Specifically, accepting the facts as alleged by the plaintiff, as this Court is required to do under <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Court finds that the plaintiff has failed to meet the first prong of the <u>Saucier</u> two-part test by failing to state a violation of his constitutional rights. In this regard, allegations that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent do not amount to a denial of due process where the state provides a procedurally adequate hearing. <u>See</u> <u>Collins v. King</u>, 743 F.2d 248 (5th Cir. 1984). Further, even if procedural rules were not scrupulously adhered to in this case, as the plaintiff suggests, the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical, significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In <u>Sandin</u>, the Supreme Court held that a disciplinary sentence of placement in segregated

---

[2] In reaching this determination, the Court rejects the defendants' additional arguments that the plaintiff's claims are barred by (1) the doctrine of sovereign immunity, and/or (2) the doctrine set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994). With regard to sovereign immunity, the law is clear that 42 U.S.C. § 1983 allows a claim for monetary damages against a prison official acting under color of state law and in his individual capacity. And with regard to <u>Heck</u>, this Court has previously concluded that <u>Heck</u> does not apply where prison disciplinary action has not resulted in punishment which impacts upon an inmate's period of confinement, not applicable here. <u>See</u>, e.g., <u>Muhammad v. Close</u>, 540 U.S. 749, 124 S.Ct. 1303 (2004).

confinement failed to rise to the level of a constitutional claim. In the instant case, this Court similarly concludes that the plaintiff's disciplinary sentence – of thirty (30) days of cell confinement and a transfer to segregated confinement – fails to result in an atypical and significant deprivation in the context of prison life. Accordingly, the plaintiff's claims fail to rise to the level of a constitutional violation, and the defendants' motion should be granted, dismissing the plaintiff's remaining claims for failure to state a claim of constitutional dimension.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the plaintiff's motion for summary judgment, rec.doc.no. 18, be denied, that the defendants' motion for summary judgment, rec.doc.no. 14, be granted, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, May 12, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**